

# Summons

In the matter of **Frank Agrama Also Known As Farouk Agrama and Olfet Agrama**
Internal Revenue Service (Division): **Small Business/ Self-Employed**
Industry/Area (name or number): **Southwest**
Periods: **From January 1, 1997 through December 31, 2011**

## The Commissioner of Internal Revenue

To: **Frank Agrama Also Known As Farouk Agrama**
At: **Los Angeles, California 90049**

You are hereby summoned and required to appear before **James Pack (or his delegate)** an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See ATTACHMENT TO FORM 2039 SUMMONS IN THE MATTER OF FRANK AND OLFET AGRAMA (2 pages)

Do not write in this space

**Government Exhibit A**

Business address and telephone number of IRS officer before whom you are to appear:
751 Daily Drive, Camarillo, California 93010 (805) 445-4496

Place and time for appearance at 751 Daily Drive, Camarillo, California 93010

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

on the **9th** day of **July**, **2018** at **9:00** o'clock **a** m.
Issued under authority of the Internal Revenue Code this **5th** day of **June**, **2018**.

Signature of issuing officer — **Internal Revenue Agent** — Title
Signature of approving officer (if applicable) — **Group Manager** — Title

Original — to be kept by IRS



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| 6-5-18 | 3:39 PM |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: Frank Agrama Also Known As Farouk Agrama
Los Angeles, California 90049

| Signature | Title |
|---|---|
| [signed] | Revenue Agent |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: 6-6-18    Time: 9:00 AM

Name of Noticee: Olfet Agrama

Address of Noticee (if mailed): _____  Los Angeles CA 90049

**How Notice Was Given**

☒ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☒ In the absence of a last known address of the noticee, I left the notice with the person summoned. Gave to person summoned 6-5-18 3:39 PM

☐ No notice is required.

| Signature | Title |
|---|---|
| [signed] | Revenue Agent |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
|  |  |

Form 2039 (Rev. 10-2010)

## ATTACHMENT TO FORM 2039 SUMMONS
## IN THE MATTER OF FRANK AND OLFET AGRAMA

Issued to: Frank Agrama
In the Matter of Frank and Olfet Agrama

### DOCUMENTS

1. All documents and recordings related to the Mediatrade proceedings in Italy at Case No. 40382-05 R.G.N.R. where Frank Agrama was a named party. Such documents include but are not limited to all trial exhibits, all items produced in formal or informal discovery, all reports (expert or other), all depositions (audio, video, written transcripts), all pleadings and/or court filings (briefs, motions, transcripts), all documents containing Frank Agrama's written statements or declarations. Please provide such documents in English if possible.

2. All documents and recordings related to the Mediaset proceedings in Italy at Case No. 22694-01 R.G.N.R. where Frank Agrama is a named party. Such documents include but are not limited to all trial exhibits, all items produced in formal or informal discovery, all reports (expert or other), all depositions (audio, video, written transcripts), all pleadings and/or court filings (briefs, motions, transcripts), all documents containing Frank Agrama's written statements or declarations. Please provide such documents in English if possible.

3. All documents related to the Ireland Case titled Agrama -v- Minister for Justice Equality & Law Reform District Judge Catherine Murphy and District Judge Bridget Reilly, which judgment was delivered on December 9, 2015, where Frank Agrama is a named party. Such documents include but are not limited to all trial exhibits, all items produced in formal or informal discovery, all reports (expert or other), all depositions (audio, video, written transcripts), all pleadings and/or court filings (briefs, motions, transcripts), all documents containing Frank Agrama's written statements or declarations.

4. All documents provided to the Italian government from other countries relating to the Italian trials where Frank Agrama was a named party. Such documents include documents provided from Switzerland, the United States of America, Hong Kong, Ireland, or any other country that relate to Frank Agrama and/or a company that Frank Agrama owns and/or represents. Please provide such documents in English if possible. To the extent that such records are produced in response to request 1, 2 or 3 herein, such documents only need to be produced once.

### INSTRUCTIONS AND DEFINITIONS

1. This summons is for documents only.
2. The term "**document(s)**" is used in the broadest sense and includes all attachments. Document(s) includes any written, typed, photo static, recorded, or otherwise visually reproduced communications or presentations, whether comprised of letters, words, numbers, pictures, sounds, symbols, or any combination thereof. Document(s) refers to all written, printed, typed, graphically, visually or aurally reproduced material of any kind, or other means of preserving thought or expression, and all tangible things from which

## ATTACHMENT TO FORM 2039 SUMMONS
## IN THE MATTER OF FRANK AND OLFET AGRAMA

information can be processed or transcribed. Further, "documents" include, but are not limited to: all electronic mail (e-mail), videotapes, audiotapes, CDs, cassettes, DVDs, films, flash drives (memory sticks, etc.), microfilm, computer files, computer discs, computer programs and other electronic media.

3. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or, by reason of subsequent modification or notation, are no longer identical), each nonidentical copy is a separate "**document**."
4. The taxpayer has "**possession, custody, or control**" if the taxpayer has actual or constructive possession of the document and/or can access the document upon inquiry and/or through a legal right to obtain the document.
5. All responsive documents in the taxpayers' possession, custody, or control should be provided, as well as all documents, in the possession, custody, or control of the taxpayers' agents, employees, and/or representatives, including, but not limited to, responsive documents in the possession, custody, or control of taxpayers' lawyer(s), accountant(s), banker(s), advisor(s), and/or trust advisor(s).
6. If any responsive document was, but is no longer, in taxpayers' possession, custody or control, state what disposition was made of it, the reason for such disposition and who has possession or control of the document.
7. The term "**taxpayers**" means the individual under audit. The term "**taxpayers**" also means all foreign or domestic entities or structures over which the individual taxpayer(s) **exercises control or could exercise control** including, but not limited to, corporations, partnerships, associations, limited liability companies, trusts, estates, foundations, escrows, charitable foundations, banks, and nominees.
8. A taxpayer can "**exercise control**" by acting directly or indirectly. Indirect control includes, but is not limited to, the use of nominees, agents, powers of attorney, protectors, advisors, trusts, letter of wishes, by-laws, letters of direction, or any device whatsoever.
9. If the taxpayer claims a "**privilege**" for any document responsive to any request, or any part of such document, specify:
    a. name and title of the author;
    b. date appearing on such document or, if undated, the date or approximate dates such document was created;
    c. name and title of each addressee and of each recipients of the document and/or copies thereof;
    d. subject matter of the document;
    e. name and address of each person's having present possession, custody, or control of such document and/or copies thereof;
    f. privilege or protection claimed; and
    g. number of the request(s) to which the production of the document would otherwise be responsive.







rnal Revenue Service
iE, Field Exam  J. Pack
E. Daily Drive
arillo, CA 93010-0711

al Business
lty for Private Use, $300



7016 0750 0000 3161 2799

Olfet Agrama

Los Angeles, CA  90049

rnal Revenue Service

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Olfet Agrama<br><br>[REDACTED]<br><br>Los Angeles, CA 90049 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| 9590 9402 1836 6104 3459 02 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7016 0750 0000 3161 2799 | | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | | Domestic Return Receipt |



# Summons

In the matter of  Frank Agrama Also Known As Farouk Agrama and Olfet Agrama
Internal Revenue Service (Division):  Small Business/ Self-Employed
Industry/Area (name or number):  Southwest
Periods:  From January 1, 1997 through December 31, 2011

### The Commissioner of Internal Revenue

To:  Frank Agrama Also Known As Farouk Agrama
At:  _____ Los Angeles, California 90049

You are hereby summoned and required to appear before  James Pack (or his delegate)
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See ATTACHMENT TO FORM 2039 SUMMONS IN THE MATTER OF FRANK AND OLFET AGRAMA (2 pages)

### Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_____                    Internal Revenue Agent
Signature of IRS officer serving the summons        Title

Business address and telephone number of IRS officer before whom you are to appear:
751 Daily Drive, Camarillo, California 93010 (805) 445-4496

Place and time for appearance at 751 Daily Drive, Camarillo, California 93010

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov
Form 2039 (Rev. 10-2010)
Catalog Number 21405J

on the  9th  day of  July , 2018  at  9:00  o'clock  a  m.
Issued under authority of the Internal Revenue Code this  5th  day of  June , 2018

Signature of issuing officer            Internal Revenue Agent
                                         Title
Signature of approving officer (if applicable)   Group Manager
                                         Title

Part A - to be given to person summoned

Copy



# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

    (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.
    (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
    (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties. -
    (1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.
    (2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.
    (3) Exceptions. - This subsection shall not apply-
        (A) to any contact which the taxpayer has authorized,
        (B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or
        (C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-
    (1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.
    (2) Justice Department referral in effect. - For purposes of this subsection-
        (A) In general. - A Justice Department referral is in effect with respect to any person if-
            (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or
            (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.
        (B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-
            (i) the Attorney General notifies the Secretary, in writing, that -
                (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,
                (II) he will not authorize a grand jury investigation of such person with respect to such an offense, or
                (III) he will discontinue such a grand jury investigation.
            (ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or
            (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).
    (3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

---

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms: sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers. -
    (1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.
    (2) Third party record keeper. - For purposes of paragraph (1), the term *third-party recordkeeper* means -
        (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));
        (B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));
        (C) Any person extending credit through the use of credit cards or similar devices;
        (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4)),
        (E) any attorney;
        (F) any accountant;
        (G) any barter exchange (as defined in section 6045(c)(3));
        (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;
        (I) any enrolled agent; and
        (J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the Internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or Commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

\* \* \* \* \*

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The Secretary shall by regulations establish the rates and conditions under which payment may be made of -
    (1) fees and mileage to persons who are summoned to appear before the Secretary, and
    (2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if -
    (1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or
    (2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

Form 2039 (Rev. 10-2010)

# Notice of Payment Information for Recipients of IRS Summons

If you are a third-party recipient of a summons, you may be entitled to receive payment for certain costs directly incurred which are reasonably necessary to search for, reproduce, or transport records in order to comply with a summons.

This payment is made only at the rates established by the Internal Revenue Service to certain persons served with a summons to produce records or information in which the taxpayer does not have an ownership interest. The taxpayer to whose liability the summons relates and the taxpayer's officer, employee, agent, accountant, or attorney are not entitled to this payment. No payment will be made for any costs which you have charged or billed to other persons.

The rate for search costs is limited to the total amount of personnel time spent locating and retrieving documents or information requested by the summons. Specific salaries of such persons may not be included in search costs. In addition, search costs do not include salaries, fees, or similar costs for analysis of material or for managerial or legal advice, expertise, research, or time spent for any of these activities. If itemized separately, search costs may include the actual costs of extracting information stored by computer in the format in which it is normally produced, based on computer time and necessary supplies. Time for computer search may be paid.

Rates for reproduction costs for making copies or duplicates of summoned documents, transcripts, and other similar material may be paid at the allowed rates. Photographs, films, and other material are reimbursed at cost.

The rate for transportation costs is the same as the actual cost necessary to transport personnel to locate and retrieve summoned records or information, or costs incurred solely by the need to transport the summoned material to the place of examination.

In addition to payment for search, reproduction, and transportation costs, persons who appear before an Internal Revenue Service officer in response to a summons may request payment for authorized witness fees and mileage fees. You may make this request by contacting the Internal Revenue Service officer or by claiming these costs separately on the itemized bill or invoice as explained below.

### Instructions for requesting payment

After the summons is served, you should keep an accurate record of personnel search time, computer costs, number of reproductions made, and transportation costs. Upon satisfactory compliance, you may submit an itemized bill or invoice to the Internal Revenue Service officer before whom you were summoned to appear, either in person or by mail to the address furnished by the Internal Revenue Service officer. Please write on the itemized bill or invoice the name of the taxpayer to whose liability the summons relates.

If you wish, Form 6863, Invoice and Authorization for Payment of Administrative Summons Expenses, may be used to request payment for search, reproduction, and transportation costs. Standard Form 1157, Claims for Witness Attendance Fees, Travel, and Miscellaneous Expenses, may be used to request payment for authorized witness fees and mileage fees. These forms are available from the Internal Revenue Service officer who issued the summons.

If you have any questions about the payment, please contact the Internal Revenue Service officer before whom you were summoned to appear.

Anyone submitting false claims for payment is subject to possible criminal prosecution.



**Department of the Treasury**
**Internal Revenue Service**

www.irs.gov

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

Part B — to be given to person summoned

## Sec. 7609. Special procedures for third-party summons

(a) Notice-
 (1) In general. - If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.
 (2) Sufficiency of notice. - Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.
 (3) Nature of summons. - Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash. -
 (1) Intervention. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.
 (2) Proceeding to quash. -
  (A) In general. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.
  (B) Requirement of notice to person summoned and to Secretary. - If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).
  (C) Intervention, etc. - Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies. -
 (1) In general. - Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612.
 (2) Exceptions. - This section shall not apply to any summons
  (A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;
  (B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;
  (C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);
  (D) issued in aid of the collection of-
   (i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or
   (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause; or
  (E) (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and
   (ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)).
 (3) John Doe and Certain Other Summonses. - Subsection (a) shall not apply to any summons described in subsection (f) or (g).
 (4) Records. - For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records. - No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made -
 (1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or
 (2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations. -
 (1) Subsection (b) action. - If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.
 (2) Suspension after 6 months of service of summons. - In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period-
  (A) beginning on the date which is 6 months after the service of such summons, and
  (B) ending with the final resolution of such response.

(f) Additional requirements in the case of a John Doe summons. -
Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that -
 (1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,
 (2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and
 (3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special exception for certain summonses. -
A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc. -
 (1) Jurisdiction. - The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.
 (2) Special rule for proceedings under subsections (f) and (g). - The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party. -
 (1) Recordkeeper must assemble records and be prepared to produce records.- On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.
 (2) Secretary may give summoned party certificate. - The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.
 (3) Protection for summoned party who discloses. - Any summoned party, or agent or employee thereof, making a disclosure of records or testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.
 (4) Notice of suspension of statute of limitations in the case of a John Doe summons. - In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required. -
Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.

ATTACHMENT TO FORM 2039 SUMMONS
IN THE MATTER OF FRANK AND OLFET AGRAMA

Issued to: Frank Agrama
In the Matter of Frank and Olfet Agrama

## DOCUMENTS

1. All documents and recordings related to the Mediatrade proceedings in Italy at Case No. 40382-05 R.G.N.R. where Frank Agrama was a named party. Such documents include but are not limited to all trial exhibits, all items produced in formal or informal discovery, all reports (expert or other), all depositions (audio, video, written transcripts), all pleadings and/or court filings (briefs, motions, transcripts), all documents containing Frank Agrama's written statements or declarations. Please provide such documents in English if possible.

2. All documents and recordings related to the Mediaset proceedings in Italy at Case No. 22694-01 R.G.N.R. where Frank Agrama is a named party. Such documents include but are not limited to all trial exhibits, all items produced in formal or informal discovery, all reports (expert or other), all depositions (audio, video, written transcripts), all pleadings and/or court filings (briefs, motions, transcripts), all documents containing Frank Agrama's written statements or declarations. Please provide such documents in English if possible.

3. All documents related to the Ireland Case titled Agrama -v- Minister for Justice Equality & Law Reform District Judge Catherine Murphy and District Judge Bridget Reilly, which judgment was delivered on December 9, 2015, where Frank Agrama is a named party. Such documents include but are not limited to all trial exhibits, all items produced in formal or informal discovery, all reports (expert or other), all depositions (audio, video, written transcripts), all pleadings and/or court filings (briefs, motions, transcripts), all documents containing Frank Agrama's written statements or declarations.

4. All documents provided to the Italian government from other countries relating to the Italian trials where Frank Agrama was a named party. Such documents include documents provided from Switzerland, the United States of America, Hong Kong, Ireland, or any other country that relate to Frank Agrama and/or a company that Frank Agrama owns and/or represents. Please provide such documents in English if possible. To the extent that such records are produced in response to request 1, 2 or 3 herein, such documents only need to be produced once.

## INSTRUCTIONS AND DEFINITIONS

1. This summons is for documents only.
2. The term "**document(s)**" is used in the broadest sense and includes all attachments. Document(s) includes any written, typed, photo static, recorded, or otherwise visually reproduced communications or presentations, whether comprised of letters, words, numbers, pictures, sounds, symbols, or any combination thereof. Document(s) refers to all written, printed, typed, graphically, visually or aurally reproduced material of any kind, or other means of preserving thought or expression, and all tangible things from which

## ATTACHMENT TO FORM 2039 SUMMONS
## IN THE MATTER OF FRANK AND OLFET AGRAMA

information can be processed or transcribed. Further, "documents" include, but are not limited to: all electronic mail (e-mail), videotapes, audiotapes, CDs, cassettes, DVDs, films, flash drives (memory sticks, etc.), microfilm, computer files, computer discs, computer programs and other electronic media.

3. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or, by reason of subsequent modification or notation, are no longer identical), each nonidentical copy is a separate "**document**."
4. The taxpayer has "**possession, custody, or control**" if the taxpayer has actual or constructive possession of the document and/or can access the document upon inquiry and/or through a legal right to obtain the document.
5. All responsive documents in the taxpayers' possession, custody, or control should be provided, as well as all documents, in the possession, custody, or control of the taxpayers' agents, employees, and/or representatives, including, but not limited to, responsive documents in the possession, custody, or control of taxpayers' lawyer(s), accountant(s), banker(s), advisor(s), and/or trust advisor(s).
6. If any responsive document was, but is no longer, in taxpayers' possession, custody or control, state what disposition was made of it, the reason for such disposition and who has possession or control of the document.
7. The term "**taxpayers**" means the individual under audit. The term "**taxpayers**" <u>also</u> means all foreign or domestic entities or structures over which the individual taxpayer(s) **exercises control or could exercise control** including, but not limited to, corporations, partnerships, associations, limited liability companies, trusts, estates, foundations, escrows, charitable foundations, banks, and nominees.
8. A taxpayer can "**exercise control**" by acting directly or indirectly. Indirect control includes, but is not limited to, the use of nominees, agents, powers of attorney, protectors, advisors, trusts, letter of wishes, by-laws, letters of direction, or any device whatsoever.
9. If the taxpayer claims a "**privilege**" for any document responsive to any request, or any part of such document, specify:
    a. name and title of the author;
    b. date appearing on such document or, if undated, the date or approximate dates such document was created;
    c. name and title of each addressee and of each recipients of the document and/or copies thereof;
    d. subject matter of the document;
    e. name and address of each person's having present possession, custody, or control of such document and/or copies thereof;
    f. privilege or protection claimed; and
    g. number of the request(s) to which the production of the document would otherwise be responsive.